**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1627
_____

In re: PARAGON OFFSHORE PLC, AKA Paragon Offshore Limited,
AKA Noble Spinco Limited, et al.,
Debtors


MICHAEL R. HAMMERSLEY,
Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:18-cv-00157)
District Judge: Honorable Leonard P. Stark

_____
_____

No. 19-1628
_____

In re: PROSPECTOR OFFSHORE DRILLING S. À R.L.,
AKA Prospector Offshore Drilling, S.A., et al.,
Debtors


MICHAEL R. HAMMERSLEY,
Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Nos. 1:18-cv-00367, 1:18-cv-00368, and 1:18-cv-00734)
District Judge: Honorable Leonard P. Stark

_____

PER CURIAM

Michael R. Hammersley appeals pro se from the District Court's dismissal of his appeals in several related bankruptcy cases. For the following reasons, we will affirm the District Court's decisions.

I.

In 2016, Paragon Offshore plc ("Paragon") and several of its affiliates (Paragon and its affiliates hereinafter collectively referred to as "the Paragon Debtors") filed for bankruptcy, proceeding under Chapter 11. Paragon was the sole equity owner of Prospector Offshore Drilling S.à r.1. ("Prospector"), which in turn is the sole equity owner of Prospector Rig 1 Contracting Company S.à r.1., Prospector Rig 5 Contracting Company S.à r.1., and other entities ("the Prospector Entities"). Hammersley was an equity shareholder of Paragon; he did not own equity in any other entity.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In June 2017, the Bankruptcy Court confirmed the Paragon Debtors' proposed Chapter 11 plan. The plan provided that: (1) equity interests in Paragon were valueless and would not get recovery; (2) Paragon's assets, including the Prospector Entities, would be transferred to a new entity, Paragon Offshore Limited ("New Paragon"); and (3) creditors who were senior to equity shareholders of Paragon would receive all of the equity in New Paragon. Hammersley and other equity shareholders of Paragon objected to the plan at its confirmation hearing, but the Bankruptcy Court overruled the objection after concluding that Paragon was so insolvent that even creditors would not get all that they were entitled to under the plan.[1] Hammersley and another shareholder appealed the confirmation order to the District Court, but they subsequently withdrew that appeal.

The Paragon Debtors sought to modify the plan in July 2017, and the Bankruptcy Court approved the modifications after holding a hearing where Hammersley did not object or appear.[2] The plan, as modified, went into effect on July 18, 2017. Several months later, Hammersley moved to revoke the plan modifications. After holding a hearing in January 2018, the Bankruptcy Court denied Hammersley's motion. The Bankruptcy Court concluded that Hammersley had made no showing of fraud that could support revocation, and that he had received notice of all prior decisions and thus could have challenged them earlier. Hammersley then appealed the order denying his motion for revocation to the District

---

[1] Under the plan, secured creditors were to recover about 53.5%, while general unsecured creditors were to recover approximately 30-35%.

[2] Under the plan modifications, Paragon agreed to transfer its shares in Prospector, and thus the Prospector Entities, to New Paragon upon the satisfaction of several conditions, and New Paragon became a creditor of Paragon.

Court.

Meanwhile, in July 2017, Prospector, Prospector Rig 1 Contracting Company S.à r.1., and Prospector Rig 5 Contracting Company S.à r.1. also filed for bankruptcy under Chapter 11, with Paragon's participation (the entities referenced in this sentence are hereinafter collectively referred to as "the Prospector Debtors"). In 2018, the Prospector Debtors entered into a settlement agreement with their primary creditor. They sought the Bankruptcy Court's approval of their settlement agreement and dismissal of their bankruptcy cases, which that court granted after a hearing in March 2018. No Chapter 11 plan was ever proposed or confirmed.

Hammersley appealed both the settlement and dismissal orders to the District Court; these two appeals were docketed separately. He also moved in the Bankruptcy Court to vacate that dismissal order. After the Bankruptcy Court denied his motion, Hammersley filed a third appeal, challenging that decision.

On March 12, 2019, the District Court entered two orders. In the Paragon appeal, the District Court granted Paragon's motion to dismiss Hammersley's appeal from the Bankruptcy Court's order denying his motion to revoke the modifications to the Paragon Debtors' Chapter 11 plan. And in the three Prospector appeals, which had been consolidated, the District Court denied Hammersley's motion for summary judgment and granted the Prospector Debtors' motion to dismiss the consolidated appeals. In both of its decisions, the District Court concluded that Hammersley lacked standing to bring the appeal(s) in question. Hammersley then timely appealed both District Court orders to this Court. His

4

Paragon appeal opened C.A. No. 19-1627, while his Prospector appeal opened C.A. No. 19-1628.[3]

## II.

The Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157 and 1334(b), the District Court had appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1), and we now have appellate jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. We exercise plenary review of a District Court sitting in review of a Bankruptcy Court. See In re W.R. Grace & Co., 729 F.3d 311, 319 n.14 (3d Cir. 2013). We review a Bankruptcy Court's factual findings for clear error and exercise plenary review over its legal conclusions. See In re Energy Future Holdings Corp, 949 F.3d 806, 815 n.2 (3d Cir. 2020).

## III.

Standing to appeal an order "in a bankruptcy case is limited to 'persons aggrieved' by [the] order." In re Combustion Eng'g, Inc., 391 F.3d 190, 214 (3d Cir. 2004). "[T]he 'persons aggrieved' test . . . exists as a prudential standing requirement that limits bankruptcy appeals to persons whose rights or interests are directly and adversely affected pecuniarily by an order or decree of the bankruptcy court." Id. (certain internal quotation marks omitted). "Litigants are 'persons aggrieved' if the order diminishes their property,

---

[3] After filing these appeals, Hammersley moved in the District Court for reconsideration in both cases, and he also filed several other motions in that court. On November 6, 2020, the District Court issued a single decision denying all of those motions. Although Hammersley then amended his notices of appeal to include a challenge to that decision, he has not raised any arguments regarding that decision in his opening brief in either appeal here. Accordingly, he has forfeited any challenge to that decision. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

increases their burdens, or impairs their rights." In re Dykes, 10 F.3d 184, 187 (3d Cir. 1993). This bankruptcy-appeal standing requirement is thus "more restrictive than Article III standing" given "the particularly acute need to limit appeals in bankruptcy proceedings, which often involve a myriad of parties . . . indirectly affected by every bankruptcy court order." In re Combustion Eng'g, Inc., 391 F.3d at 215 (ellipses in original) (internal quotation marks omitted).

A.  Paragon Appeal

In the Paragon appeal, the District Court concluded that although Hammersley had standing to appear and be heard in Bankruptcy Court, he did not have standing on appeal because he was not a "person aggrieved" by the Bankruptcy Court's order. The District Court agreed with the Bankruptcy Court's conclusion that Paragon equity holders were not entitled to recovery under the confirmed plan, because under the absolute-priority rule, creditors would need to be paid $1.3–1.5 billion in additional value—an amount far in excess of what was actually available—before Paragon equity holders would be entitled to any recovery under the confirmed plan. See 11 U.S.C. § 1129(b)(1)-(2).

Hammersley argued in the District Court that he had an economic interest in what happened to the Prospector Entities in the plan, and that Paragon had committed fraud when it modified the plan. However, the District Court concluded that the Bankruptcy Court's order denying Hammersley's revocation motion did not diminish his property, increase his burdens, or impair his rights. It determined that the equity of the Prospector Entities was an asset of Paragon, and that this asset was properly and explicitly addressed in the certification of the plan. The value of the Prospector Entities was thus considered in the

6

Bankruptcy Court's determination that there were insufficient funds to fully pay Paragon's creditors, who had higher-priority claims over Hammersley.

On appeal, Hammersley's opening brief makes two arguments challenging the District Court's holding that he lacked appellate standing because he was not aggrieved by the denial of his revocation motion in the Paragon case.[4] First, he argues that Paragon waived the issue by not raising it in Bankruptcy Court. But this argument is meritless because Paragon could not have raised the issue of whether Hammersley was aggrieved for purposes of appellate standing until he appealed from the Bankruptcy Court's order.

Second, Hammersley argues that his allegations of fraud superseded the requirement that he had to suffer direct pecuniary harm to be a "person aggrieved." Although Hammersley purports to rely on two cases from this Court to support his position, neither case actually supports his argument. In one of those cases, we did not even reach the issue of appellate standing. See In re Glob. Indus. Techs., Inc., 645 F.3d 201, 209 (3d Cir. 2011). And the other case involved an appeal, filed at a preliminary stage of the bankruptcy case, by entities which, as we noted, could have been directly affected by the alleged conflict of interest at issue in the appeal. See In re Congoleum Corp., 426 F.3d 675, 685-87 (3d Cir. 2005). Accordingly, we discern no error in the District Court's determination that Hammersley lacked appellate standing in his Paragon bankruptcy appeal.[5]

---

[4] We do not reach any arguments that Hammersley raised for the first time in his reply brief. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 146 (3d Cir. 2017).

[5] Because we agree with the District Court that Hammersley was not a person aggrieved by the Bankruptcy Court's decision, we need not address his arguments relating to the merits of his appeal from that Bankruptcy Court decision. Further, we need not address the

B.  Prospector Appeals

In the Prospector appeals, the District Court concluded that Hammersley lacked appellate standing to challenge the Bankruptcy Court's approval of the Prospector settlement, the dismissal of the Prospector cases, and the denial of his motion to vacate the order authorizing dismissal. The District Court agreed with the Bankruptcy Court's conclusions that equity holders of Paragon had no economic interest in the Prospector Entities, and that the Prospector Entities were explicitly contemplated in Paragon's Chapter 11 plan, as the equity of the Prospector Entities was a Paragon asset.

Here, Hammersley argues that he has standing to pursue these appeals because: (1) the Prospector Entities waived the issue of standing by not raising it in the Bankruptcy Court; (2) his interpretation of recent precedent suggests that he is not required to have appellate standing to proceed; and (3) he lost an opportunity to obtain a settlement in Bankruptcy Court. As explained below, none of these arguments is persuasive, and we see no reason to disturb the District Court's conclusion that Hammersley lacked appellate standing in the Prospector appeals.[6]

Hammersley's first argument fails because, as we explained earlier, an appellee could

District Court's conclusion that, even if he had appellate standing, his appeal would be subject to dismissal as equitably moot.

[6] Hammersley's remaining arguments in the Prospector appeals address the merits of the Bankruptcy Court's settlement approval and dismissal orders, as well as its order denying his motion to vacate the dismissal. Because we agree with the District Court that Hammersley was not a person aggrieved by the Bankruptcy Court's decisions, we need not address these merits arguments. And again, we do not reach any arguments raised for the first time in Hammersley's reply brief. See Barna, 877 F.3d at 146.

8

not be expected to raise the issue of appellate standing until after Hammersley appealed to the District Court. As for Hammersley's second argument, none of the cases upon which he purports to rely addressed the requirement that a person must be aggrieved by a Bankruptcy Court order to proceed in a bankruptcy appeal, let alone suggests that this is no longer a requirement.

Finally, Hammersley's reliance on Czyzewski v. Jevic, 137 S. Ct. 973 (2017), to argue that he lost an opportunity to obtain a settlement in the Bankruptcy Court is misplaced. Under the order on appeal in Jevic, the petitioners challenged a priority-skipping distribution scheme that permitted lower-priority general unsecured creditors to receive distributions while the petitioners received nothing for their higher-priority claims. See id. at 978. Thus, the settlement approved by the Bankruptcy Court in Jevic cost the petitioners an opportunity to obtain a settlement that followed the Bankruptcy Code's priority rules, or the ability to pursue a claim that had a significant settlement value. See id. at 983. In contrast, as an equity owner of Paragon, Hammersley had lower-priority claims than Paragon's creditors, and thus would not have been entitled to any recovery regardless of the outcome of the settlement or dismissal in the Prospector cases, as there were insufficient funds for Paragon's creditors to fully recover under the Paragon Debtors' plan. Accordingly, the record does not indicate that Hammersley lost an opportunity to obtain a settlement such that he was aggrieved by the Bankruptcy Court's orders in the Prospector appeals.

For these reasons, we will affirm, in both of the appeals before us, the judgment of the

District Court.[7]

---

[7] We grant Hammersley's requests to file supplemental appendices to the extent that he seeks to include documents that were part of the record before the Bankruptcy Court or the District Court. However, we deny his requests to expand the record, for he has not demonstrated that this case presents exceptional circumstances. See Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013). We also deny Hammersley's motions to summarily reverse the District Court's decisions.